**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION**


| | |
|---|---|
| CASEY JONES & CHARLOTTE JONES | : |
| 14021 Rippling Brook Drive | : |
| Silver Spring, MD  20906 | : |
| | : |
|      Plaintiffs | : |
| | : |
| vs. | :  Case No._____ |
| | : |
| COSMETIC SURGERY INTERNATIONAL, INC | : |
| d/b/a COSMETIC SURGERY INTERNATIONAL | : |
| 9911 W. Pico Blvd., Suite 1210 | : |
| Los Angeles, CA  90035 | : |
| | : |
| | : |
| SERVE:  Agent for Service of Process | : |
|      Michael Rosenstein | : |
|      433 North Camden Drive #400 | : |
|      Beverly Hills, California 90210 | : |
| | : |
| AND | : |
| | : |
| ERIC STUART | : |
| 9911W. Pico Blvd, Suite 1210 | : |
| Los Angeles, CA 90035 | : |
| | : |
| AND | : |
| | : |
| CHRISTOPHER JOHNSON, MD | : |
| The Elan Clinic | : |
| 25 Woodlands Road | : |
| Pembrow, Bermuda HM09 | : |
| | : |
| AND | : |
| | : |
| STEPHEN X. GIUNTA | : |
| 4600 King Street | : |
| Suite 5D | : |
| Alexandria, Virginia 22302 | : |

1

|                                                                        |   |
|------------------------------------------------------------------------|---|
|                                                                        | : |
| AND                                                                    | : |
|                                                                        | : |
| STEPHEN X. GIUNTA MD, LTD                                              | : |
| d/b/a Aesthetic Plastic Surgery International and/or                   | : |
| Aesthetic Plastic Surgery Institute and/or Aesthetic                   | : |
| Facial Surgery Institute and/or Aesthetic Surgery                      | : |
| Institute - 4600 King Street Suite 5D                                  | : |
| Alexandria, Virginia 22302                                            | : |
| <u>Serve Resident Agent</u>                                            | : |
| Ben Dimuro                                                             | : |
| 908 King Street Suite 200                                              | : |
| Alexandria VA 22314                                                   | : |
|                                                                        | : |
|             Defendants                                                 | : |
|                                                                        | : |

## COMPLAINT

COME NOW the Plaintiffs, CASEY JONES and CHARLOTTE JONES, by their attorneys, BRADLEY D. SCHWARTZ and BRADLEY D. SCHWARTZ, P.A., and brings this action against the Defendants COSMETIC SURGERY INTERNATIONAL, INC d/b/a COSMETIC SURGERY INTERNATIONAL; ERIC STUART, CHRISTOPHER JOHNSON, MD; STEPHEN GIUNTA, MD; STEPHEN X. GIUNTA MD, LTD d/b/a/  AESTHTIC PLASTIC SURGERY INTERNATIONAL AND/OR AESTHETIC PLASTIC SURGERY INSTITUTE AND/OR AESTHETIC FACIAL SURGERY INSTITUTE AND/OR AESTHETIC SURGERY INSTITUTE; and as reasons therefore, states as follows:

## JURISDICTION & VENUE

1.      This court has federal jurisdiction over this matter pursuant to diversity jurisdiction as stated in the United States Code - 28 U.S.C. §§ 1332.  Damages in this

matter are in excess of $75,000.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.  Defendants are
subject to personal jurisdiction in this district and division by virtue of Md. Code
Ann., Cts. & Jud. Proc. § 6-103(b) in that Defendants caused tortious injury in
Maryland by acts and/or omissions in Maryland.  A substantial part of the events or
omissions giving rise to the claims here occurred in this district.  The primary
intentional fraudulent communications which ultimately led to the  negligent act was
made when the Defendant, CSI and Eric Stuart, individually, placed a phone call to the
Plaintiff, Casey Jones, at his home residence in Maryland.  The solicitation of Mr. Jones,
as well as all follow up communications regarding the procedure and medical care,
occurred via telephone and email while Mr. Jones was in his home in Maryland.  As
such, the appropriate venue is the United States District Court for the District of
Maryland - Greenbelt Division.


<u>THE PARTIES</u>

3.  The Plaintiff CASEY JONES was, and still is, a resident of Silver Spring, Maryland.

4.  The Plaintiff, CHARLOTTE JONES was, and still is, a resident of Silver Spring,
Maryland.

5.  Plaintiffs are informed and believe, and on the basis of such information and
belief alleges, that the Defendant, COSMETIC SURGERY INTERNATIONAL
(hereinafter CSI), is a corporate resident of Los Angeles, California.

6.  Plaintiffs are informed and believe, and on the basis of such information and

belief alleges, that the Defendant, ERIC STUART (hereinafter Stuart) is an employee of CSI in Los Angeles, California.  Plaintiffs are informed and believe, and on the basis of such information and belief allege, that the Defendant - Eric Stuart, was the agent, of CSI and at all times here mentioned was, acting within the course and scope of agency, partnership, employment, conspiracy, ownership, or joint venture.  Plaintiffs are informed and believe, and on the basis of such information and belief allege, that the acts and conduct here alleged of Stuart was known to, authorized by, and/or ratified by the Defendant, CSI.  Plaintiffs are informed and believe and on the basis of such information and belief alleges that Eric Stuart is a resident of Los Angeles, California.

7.  Plaintiffs are informed and believe, and on the basis of such information and belief alleges, that the Defendant, CHRISTOPHER JOHNSON, MD (hereinafter known as Johnson) is now a resident of Pembrow, Bermuda.

8.  Plaintiffs are informed and believe, and on the basis of such information and belief alleges, that the Defendant, STEPHEN GIUNTA (hereinafter known as Giunta) is a resident of the state of Virginia.  Plaintiffs are informed and believe, and on the basis of such information and belief allege, that the Defendant, was the agent, employee, partner, joint venturers, coconspirators, owners, principals, of STEPHEN X GIUNTA MD, LTD and at all times here mentioned were, acting within the course and scope of agency, partnership, employment, conspiracy, ownership, or joint venture. Plaintiffs are informed and believe, and on the basis of such information and belief

allege, that the acts and conduct here alleged of were known to, authorized by, and/or ratified by STEPHEN X GIUNTA MD, LTD.

9.  Plaintiffs are informed and believe, and on the basis of such information and belief alleges, that the Defendant, STEPHEN X GIUNTA MD, LTD (hereinafter known as APSI) is a corporate resident of Alexandria, Virginia.

<u>STATEMENT OF FACTS</u>

10.  In 2002, Mr. Jones underwent corrective surgery for Peyronie's disease.  Part of the result of this surgery was a significant shortening of his penis.  Mr. Jones decided to seek a consultation on the possibility of a penis enlargement to correct this.

11.  On January 9, 2004, Casey Jones had a consultation visit with Giunta regarding a penis enlargement.

12. After this consultation, approximately 1-2 days later, Mr. Jones received a phone call, at his residence in Maryland, from Eric Stuart, Director of CSI.

13.  Stuart informed Mr. Jones that he got his contact information from Giunta and that CSI would be able to help Mr. Jones with his cosmetic surgery needs.  Stuart explained that the CSI doctors perform a different type of penis enlargement from what Giunta/APSI would perform, and that CSI's technique would be better suited to Mr. Jones.

14.  The type of penis enlargement recommended by CSI to the Plaintiff, Mr. Jones, to enhance the girth of the penis is one which uses a technique involving dermal tissue grafts Alloderm.

15.  Giunta/APSI maintains a website which specifically states that he/it does not

advocate the use of Dermal tissue grafts/Alloderm in penis enlargements as it causes more complications, it can cause large and painful scars and often ultimately leads to further shortening of the penis.

16.    Despite this knowledge, after seeing the Plaintiff, Casey Jones, for a consultation for a penis enlargement, Giunta/APSI contacted CSI and gave it the Plaintiff's contact information with the knowledge that CSI would solicit the Plaintiff, Casey Jones, for the penis enlarging procedure which would include the use of Dermal tissue grafts/Alloderm.

17.    When Stuart contacted the Plaintiff, Casey Jones, on behalf of CSI, he described in great detail the success rate of this procedure as well as the success history of the physician, Johnson, who would be performing the surgery.  At no point during the initial conversation, or at anytime prior to the surgery, did Stuart or anyone else ever inform the Plaintiff, Casey Jones, that the use of this technique and the use of Alloderm was not-FDA approved and that it has been recommended by the manufacturer not to be used in this type of procedure.

18.    After a lengthy phone call with Stuart, Mr. Jones agreed to have the surgery performed by the CSI physician, Johnson.  After this initial conversation, Stuart called the Plaintiff, Casey Jones, in Maryland, with more information and he sent him information via email regarding the success of this surgery.  The surgery was scheduled for the first available date in May, 2004.

19.  On May 17, 2004, Mr. Jones paid a $5000 deposit directly to the Defendant, CSI.

20.   The Defendant, CSI and Eric Stuart, made all of the arrangements for Mr. Jones for the surgery in New York.

21.   On May 29, 2004 the penile enlargement was performed by Johnson in a New York City Medical Facility building which he rented space from.

22.   Mr. Jones penis was horribly disfigured by this surgery.   After the surgery Mr. Jones penis no longer functioned properly.

23.   Mr. Jones suffered severe complications after the surgery and on June 27, 2004, he was admitted to Maryland General Hospital for a penile wound infection. Since then he has had to have several corrective surgeries and skin grafts performed as well as significant and extensive aftercare.

24.   The fraudulent acts, by the servants, agents and/or employees of CSI, Eric Stuart, Johnson, Giunta and APSI resulted in the substantial and permanent injuries suffered by Casey Jones.

25.   The negligent acts, by the servants, agents and/or employees of CSI, Johnson, Giunta and APSI resulted in the negligent care and substantial and permanent injuries suffered by Casey Jones.

26.   That for all times hereinafter mentioned, the Defendant CSI held their business out to the public as a surgery group which would meet all required standards of care.

27.   That for all times hereinafter mentioned, the Defendant Johnson held himself out to the public as a physician and surgeon who would meet all required standards of care.

28.  That for all times hereinafter mentioned, the Defendant Guinta through his corporation and individually held himself out to the public as a physician/surgeon who would meet all required standards of care.

29.  That for all times hereinafter mentioned, the Defendant APSI, held itself out to the public as a surgical practice which would meet all required standards of care.

30.  As the direct and proximate result of the Defendant Giunta, individually and through the corporation, and APSI's intentional referral; CSI's intentional and fraudulent conveyance of information and through the negligent care by Johnson, Mr. Jones suffered severe and permanent injuries to his penis.

<u>COUNT I</u>
(Negligence)

31.  Plaintiffs hereby adopts and realleges all of the statements contained in the recital of facts, as if expressly set forth herein in writing.

32.  The Defendant, CSI, via Defendant Eric Stuart, held itself out to the public as a surgical group that solicits, arranges and organizes surgeries with patients and "their" surgeons.  The Defendant CSI and Eric Stuart owed a duty to the public in general and to the Plaintiff in particular to exercise appropriate medical care in their administration of health care to the Plaintiff.

33.  The Defendant, CSI, and Eric Stuart, individually, breached the standard of care by:

   A.  Employing a physician with a negative history for performing this type of surgery.

B. Employing a physician who performed a surgery with a non-FDA approved biomaterial that is not promoted by the manufacturer to be used in this type of surgery.

C. Violating other medical standards of health care for surgery groups in the care and treatment of the Plaintiff.

D. By other negligent acts.

34.   The Defendant, Johnson, held himself out to the public as a physician and a surgeon. The Defendant owed a duty to the public in general and to the Plaintiff in particular to exercise appropriate medical care in their administration of health care to the Plaintiff.

35.   The Defendant, Johnson, breached the standard of care by:

A. Performing a procedure with a biomaterial in a non-FDA approved manner which is not supported by the manufacturer.

B. Violating other medical standards of health care for physicians and surgeons in the care and treatment of the Plaintiff.

C. By other negligent acts.

36.   The Defendant, Giunta, held himself out to the public as a physician and a surgeon. The Defendant Giunta and APSI, owed a duty to the public in general and to the Plaintiff in particular to exercise appropriate medical care in their administration of health care to the Plaintiff.

37.   The Defendant breached the standard of care by:

A. Giving Mr. Jones' personal contact information to other healthcare providers without his consent.

9

B.  Giving Mr. Jones' personal contact information to other healthcare providers without his consent after seeing him as a patient

C.  Giving Mr. Jones' personal contact information to other healthcare providers with the knowledge that the other providers utilized high risk techniques and materials in a manner which were specifically not recommended by the manufacturer.

D.  Giving Mr. Jones' personal contact information to other healthcare providers with the specific intent that said providers solicit Mr. Jones participation in said high risk procedure which would include the misuse of said materials.

E.  By other negligent acts.

38.  The Defendant, APSI held itself out to the public as a company which employs physicians and surgeons. The Defendant owed a duty to the public in general and to the Plaintiff in particular to exercise appropriate medical care in its administration of health care to the Plaintiff.

39.  The Defendant breached the standard of care by:

A.  Giving Mr. Jones' personal contact information to other healthcare providers without his consent.

B.  Giving Mr. Jones' personal contact information to other healthcare providers without his consent after seeing him as a patient.

C.  Giving Mr. Jones' personal contact information to other healthcare providers with the knowledge that the provider utilizes high risk techniques and materials in a manner which is specifically not recommended by the manufacturer.

D.  Giving Mr. Jones' personal contact information to other healthcare providers with the specific intent that said providers solicit Mr. Jones participation in said high risk procedure which would include the misuse of said materials.

E.  By other negligent acts.

40.  The breaches in this count as to Johnson's actions are imputed to CSI via the

doctrine of vicarious liability.  The acts of negligence were within the scope of employment, they were in furtherance of CSI's business and the outcome of the negligence was foreseeable.

41.  The breaches in this count as to Stuart's actions are imputed to CSI via the doctrine of vicarious liability.  The acts of negligence were within the scope of employment, they were in furtherance of CSI's business and the outcome of the negligence was foreseeable.

42.  The breaches in this count as to Giunta's actions are imputed to APSI via the doctrine of vicarious liability.  The acts of negligence were within the scope of employment, they were in furtherance of APSI's business and the outcome of the negligence was foreseeable.

43.  As a direct and proximate result of the breaches of the standard of care by the Defendant CSI, Eric Stuart, Johnson, Giunta and APSI and/or the servants, agents and/or employees of the Defendants; Casey Jones sustained and suffered severe and permanent penile injuries which have resulted in multiple surgeries, significant chronic aftercare and possibly permanent impotency.

44.  As a direct and proximate result of the breaches of the standard of care by the Defendants CSI, Eric Stuart, Johnson, APSI and Giunta and/or the servants, agents and/or employees of the Defendants, the Plaintiff, Casey Jones, endured extreme pain and suffering and continues to endure extreme pain and suffering as a result of his chronic health problems which directly stem from the surgery.

45.  As a result of the actions of the Defendants, CSI, Eric Stuart, Johnson, APSI

and Giunta, the Plaintiff, and/or the servants, agents and/or employees of the Defendants

Casey Jones, incurred past substantial medical expenses, and will incur future substantial

medical expenses, experienced extreme pain and suffering, permanent injury, and other

injuries.

46.   WHEREFORE, Casey Jones and Charlotte Jones, demands **compensatory**

against the Defendants, COSMETIC SURGERY INTERNATIONAL, INC d/b/a

COSMETIC SURGERY INTERNATIONAL, ERIC STUART, CHRISTOPHER

JOHNSON, MD; STEPHEN GIUNTA, MD;  STEPHEN X. GIUNTA MD, LTD d/b/a/

AESTHTIC PLASTIC SURGERY INTERNATIONAL AND/OR AETHETIC

PLASTIC SURGERY INSTITUTE AND/OR AESTHETIC FACIAL SURGERY

INSTITUTE AND/OR AESTHETIC SURGERY INSTITUTE. The damages are in

excess of $75,000 and Plaintiff seeks reimbursement of costs.


### COUNT II
(Informed Consent)

47.   Plaintiff hereby adopts and realleges all of the statements contained in the

recital of facts, as if expressly set forth herein in writing.

48.   The circumstances surrounding the surgery in question were of a non-

emergent nature.

49.   The injury suffered by the Plaintiff, Casey Jones, has arisen from an

affirmative violation of the patient's physical integrity.

50.  Furthermore, the non-disclosure of the risks by the Defendants directly led

to the Plaintiffs injuries in this matter.

51.  The Defendant, CSI, and Defendant Eric Stuart, individually, held itself out to the public as a surgical group that solicits, arranges and organizes surgeries with patients and "their" surgeons.  The Defendants owed a duty to the public in general and to the Plaintiff in particular to exercise appropriate medical care in their administration of health care to the Plaintiff and the obtaining of informed consent from the Plaintiff.

52.  The Defendant, CSI, and Eric Stuart, individually, breached the standard of care by:

    A.  Failing to properly inform Mr. Jones of all of the risks associated with this type of surgery.

    B.  Failing to inform Mr. Jones that the material being used in the surgery was not FDA approved for this use and that the manufacturer has advised against the use of the material in this type of surgery.

    C.  Failing to inform Mr. Jones of the actual success rate of this type of surgery.

    D.  Failing to inform Mr. Jones of the negative history of the physician performing the surgery and in the alternative, bolstering his track record in performing these surgeries.

    E.  Failing to warn Mr. Jones of all material risks inherent or collateral to the procedure in order to enable the patient to make an informed decision of whether to undergo the procedure.

    F.  By other negligent acts.

53.  The Defendant, Giunta, held himself out to the public as a physician and a surgeon. The Defendant owed a duty to the public in general and to the Plaintiff in particular to exercise appropriate medical care in their administration of health care to the Plaintiff and the obtaining of informed consent from the Plaintiff.

54.  The Defendant breached the standard of care by:

A.  Giving Mr. Jones' personal contact information to other healthcare providers without his consent.

B.  Giving Mr. Jones' personal contact information to other healthcare providers without his consent after seeing him as a patient

C.  Giving Mr. Jones' personal contact information to other healthcare providers with the knowledge that the other providers utilized high risk techniques and materials in a manner which were specifically not recommended by the manufacturer.

D.  Giving Mr. Jones' personal contact information to other healthcare providers with the specific intent that said providers solicit Mr. Jones participation in said high risk procedure which would include the misuse of said materials.

E.  Failing to warn Mr. Jones of all material risks inherent or collateral to the procedure in order to enable the patient to make an informed decision of whether to undergo the procedure.

F.  By other negligent acts.

55.   The Defendant, APSI held itself out to the public as a company which employs physicians and surgeons. The Defendant owed a duty to the public in general and to the Plaintiff in particular to exercise appropriate medical care in its administration of health care to the Plaintiff and in obtaining informed consent from the Plaintiff.

56.  The Defendant breached the standard of care by:

A.  Giving Mr. Jones' personal contact information to other healthcare providers without his consent.

B.  Giving Mr. Jones' personal contact information to other healthcare providers without his consent after seeing him as a patient.

C.  Giving Mr. Jones' personal contact information to other healthcare providers with the knowledge that the provider utilizes high risk techniques and materials in a manner which is specifically not recommended by the

manufacturer.

D.  Giving Mr. Jones' personal contact information to other healthcare providers
    with the specific intent that said providers solicit Mr. Jones participation in
    said high risk procedure which would include the misuse of said materials.

E.  Failing to warn Mr. Jones of all material risks inherent or collateral
    to the procedure in order to enable the patient to make an informed
    decision of whether to undergo the procedure.

F.  By other negligent acts.

57.   The Defendant, Johnson, held himself out to the public as a physician and a

surgeon. The Defendant owed a duty to the public in general and to the Plaintiff in

particular to exercise appropriate medical care in their administration of health care to

the Plaintiff and in obtaining informed consent from the Plaintiff.

58.  The Defendant, Johnson, breached the standard of care by:

A.  Failing to properly inform Mr. Jones of all of the risks associated with this
    type of surgery.

B.  Failing to inform Mr. Jones that the technique being used was a non-FDA
    approved surgery.

C.  Failing to inform Mr. Jones that the material being used in the surgery was
    not FDA approved for this use and that the manufacturer has advised against
    the use of the material in this type of surgery.

D.  Failing to inform Mr. Jones of the actual success rate of this type of surgery.

E.  Failing to inform Mr. Jones of his actual success rate in performing this
    surgery and in the alternative, bolstering his track record.

F.  By other negligent acts.

59.  The breaches in this count as to Johnson's actions are imputed to CSI via the

doctrine of vicarious liability.  The acts of negligence were within the scope of employment, they were in furtherance of CSI's business and the outcome of the negligence was foreseeable.

60.  The breaches in this count as to Stuart's actions are imputed to CSI via the doctrine of vicarious liability.  The acts of negligence were within the scope of employment, they were in furtherance of CSI's business and the outcome of the negligence was foreseeable.

61.  The breaches in this count as to Giunta's actions are imputed to CSI via the doctrine of vicarious liability.  The acts of negligence were within the scope of employment, they were in furtherance of APSI's business and the outcome of the negligence was foreseeable.

62.  As a direct and proximate result of the breaches of the standard of care by the Defendant CSI, Eric Stuart, Johnson, Giunta and APSI and/or the servants, agents and/or employees of the Defendants; Casey Jones sustained and suffered severe and permanent penile injuries which have resulted in multiple surgeries, significant chronic aftercare and possibly permanent impotency.

63.  As a direct and proximate result of the breaches of the standard of care by the Defendants CSI, Eric Stuart, Johnson, APSI and Giunta and/or the servants, agents and/or employees of the Defendants, the Plaintiff, Casey Jones, endured extreme pain and suffering and continues to endure extreme pain and suffering as a result of his chronic health problems which directly stem from the surgery.

64.  As a result of the actions of the Defendants, the servants, agents and/or

employees of the Defendants CSI, Johnson, APSI and Giunta and/or the servants, agents and/or employees of the Defendants, the Plaintiff, Casey Jones, incurred past substantial medical expenses, and will incur future substantial medical expenses, experienced extreme pain and suffering, permanent injury, and other injuries.

65.     WHEREFORE, Casey Jones and Charlotte Jones, demands **compensatory damages** against the Defendants, COSMETIC SURGERY INTERNATIONAL, INC d/b/a COSMETIC SURGERY INTERNATIONAL, ERIC STUART, CHRISTOPHER JOHNSON, MD; STEPHEN GIUNTA, MD;  STEPHEN X. GIUNTA MD, LTD d/b/a/ AESTHTIC PLASTIC SURGERY INTERNATIONAL AND/OR AETHETIC PLASTIC SURGERY INSTITUTE AND/OR AESTHETIC FACIAL SURGERY INSTITUTE AND/OR AESTHETIC SURGERY INSTITUTE. The damages are in excess of $75,000 and Plaintiff seeks reimbursement of costs.

<u>COUNT III</u>
(Fraud)

66.  Plaintiff hereby adopts and realleges all of the statements contained in the recital of facts, as if expressly set forth herein in writing.

67.  The Defendants, Giunta and APSI, knowingly and fraudulently gave the Plaintiff's contact information to Defendant CSI and Defendant Eric Stuart, with the intent that the group solicit the Plaintiff, Casey Jones, to have a surgery using a biomaterial in a non-FDA approved manner and in a manner not promoted by the manufacturer.

68.   The Defendants Giunta and APSI knowingly and fraudulently gave the Plaintiff's contact information to Defendant CSI knowing that the material used by CSI and Johnson was being used in a manner not approved by the FDA and was being used in a manner not promoted by the manufacturer.

69.   The Defendants Giunta and APSI knowingly and fraudulently gave the Plaintiff's contact information to Defendant CSI knowing that Defendant CSI would not inform the Plaintiff, Casey Jones, of the known dangers of using this material in this non-FDA approved manner.

70.   The Defendants CSI  and Eric Stuart knowingly and fraudulently conveyed that this type of penis enlargement surgery was a safe and successful surgery and would be performed by a surgeon with a successful track record in performing this type of surgery.

71.   The Defendant Johnson, knowingly and fraudulently conveyed that the penis enlargement surgery was a safe and successful surgery and that he had a large successful track record in performing this type of surgery.

72.   The Defendants, CSI, Eric Stuart, and Johnson, knowingly concealed the fact (from Mr. Jones) that the technique being used was a high risk one, which was not approved by the FDA, that included greater complications and that utilized a biomaterial in a manner not advocated by the manufacturer or the FDA or promoted by the manufacturer.

73.   The breaches in this count as to Johnson's actions are imputed to CSI via the doctrine of vicarious liability.  The acts of  were within the scope of employment, they

were in furtherance of CSI's business and the outcome of the negligence was foreseeable.

74.  The breaches in this count as to Stuart's actions are imputed to CSI via the doctrine of vicarious liability.  The acts  were within the scope of employment, they were in furtherance of CSI's business and the outcome of the negligence was foreseeable.

75.  The breaches in this count as to Giunta's actions are imputed to APSI via the doctrine of vicarious liability.  The acts were within the scope of employment, they were in furtherance of APSI's business and the outcome of the negligence was foreseeable.

76.  The misrepresentations made by the Defendants were done so with the intent of defrauding the Plaintiff, Casey Jones.

77.  The Plaintiff, Casey Jones, had every right to rely on this misrepresentation as it was coming from a medical group and a surgeon which/who claimed to specialize in this type of surgery.

78.  The Plaintiff, Casey Jones, had every right to rely on this misrepresentation as the company contacted him through information provided by his own physician, Defendant Giunta and Defendant APSI.

79.  Mr. Jones relied on the assurances of the Defendants and the information provided when he made his decision to go forward with the surgery and to have it performed by the Defendant Johnson.

80. The breaches in this count as to Johnson's actions are imputed to CSI via the doctrine of vicarious liability.  The acts were within the scope of employment, they were in furtherance of CSI's business and the outcome  was foreseeable.

81.  The breaches in this count as to Stuart's actions are imputed to CSI via the

19

doctrine of vicarious liability.  The acts were within the scope of employment, they were in furtherance of CSI's business and the outcome  was foreseeable.

82.  The breaches in this count as to Giunta's actions are imputed to CSI via the doctrine of vicarious liability.  The acts were within the scope of employment, they were in furtherance of APSI's business and the outcome was foreseeable.

83.  As a direct and proximate result of these fraudulent acts by the Defendants CSI, Eric Stuart, Johnson, Giunta and APSI and/or the servants, agents and/or employees of the Defendants; the Plaintiff, Casey Jones, endured extreme pain and suffering and continues to endure extreme pain and suffering as a result of his chronic health problems which directly stem from the surgery.

84.  As a result of the actions of Defendants, the servants, agents and/or employees of the Defendants CSI, Eric Stuart, Johnson, Giunta and APSI and/or the servants, agents and/or employees of the Defendants; the Plaintiff, Casey Jones, incurred past substantial medical expenses, and will incur future substantial medical expenses, experienced extreme pain and suffering, permanent injury, and other injuries.

85.  WHEREFORE, Casey Jones and Charlotte Jones, demands **compensatory and punitive damages** against the Defendants, COSMETIC SURGERY INTERNATIONAL, INC d/b/a COSMETIC SURGERY INTERNATIONAL, ERIC STUART, CHRISTOPHER JOHNSON, MD; STEPHEN GIUNTA, MD;  STEPHEN X. GIUNTA MD, LTD d/b/a/ AESTHTIC PLASTIC SURGERY INTERNATIONAL AND/OR AETHETIC PLASTIC SURGERY INSTITUTE AND/OR AESTHETIC FACIAL SURGERY INSTITUTE AND/OR AESTHETIC SURGERY INSTITUTE.

The damages are in excess of $75,000 and Plaintiff seeks reimbursement of costs.

COUNT IV
(Loss of Consortium)

86.   Plaintiff hereby adopts and realleges all of the statements contained in Counts I, II, and III as if expressly set forth herein in writing.

87.   The Plaintiff, CASEY JONES and CHARLOTTE JONES, claim that the Defendants' intentional acts and negligent acts and carelessness were the sole cause of the injuries and damages without any intentional or negligent acts on their part contributing thereto, that the Plaintiffs were at the time of said injuries and are now husband and wife, and the aforesaid intentional acts and negligent acts and carelessness caused, and continues to cause, the Plaintiffs to suffer loss of services, society and consortium, to the detriment of their marital relationship.

88.   WHEREFORE, Casey Jones and Charlotte Jones, demands **compensatory damages** against the Defendants, COSMETIC SURGERY INTERNATIONAL, INC d/b/a COSMETIC SURGERY INTERNATIONAL, ERIC STUART, CHRISTOPHER JOHNSON, MD; STEPHEN GIUNTA, MD;  STEPHEN X. GIUNTA MD, LTD d/b/a/ AESTHTIC PLASTIC SURGERY INTERNATIONAL AND/OR AETHETIC PLASTIC SURGERY INSTITUTE AND/OR AESTHETIC FACIAL SURGERY INSTITUTE AND/OR AESTHETIC SURGERY INSTITUTE. The damages are in excess of $75,000 and Plaintiff seeks reimbursement of costs.

Respectfully submitted,

BRADLEY D. SCHWARTZ, P.A.


By:      /s/ Bradley D. Schwartz
         Bradley D. Schwartz
         Counsel for Plaintiff
         11300 Rockville Pike
         Suite 1017
         Rockville, MD   20852
         (301) 984-7570